UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Case No. 1:20-mj-00027 (RMM) |
| | : |
| MICHAEL COSTELLO HENSLEY, | : |
| | : |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Defendant Michael Costello Hensley has been charged with Contempt in violation of 18 U.S.C. § 401(3).  *See* Information, ECF No. 3 at 1.  Those charges originate from Mr. Hensley's alleged failure to appear as required in a prior misdemeanor case which has since been dismissed.[1]  The United States wishes to pursue the pending contempt charge as a misdemeanor offense and has orally requested that the Court classify the charged offense as a misdemeanor.  The parties have engaged in plea negotiations, and Mr. Hensley, through his counsel, has advised the Court that he wishes to enter a guilty plea.  Mr. Hensley also has requested that his plea hearing and potential sentencing occur before the undersigned Magistrate Judge, given her familiarity with both the instant and prior case.

There is legal uncertainty about whether a violation of 18 U.S.C. § 401(3) should be classified as a felony or a misdemeanor, and the circuits that have addressed the issue have

---

[1] The Court dismissed the underlying misdemeanor case on March 5, 2020.  *See United States v. Hensley*, No. 1:18-cr-00270-RMM, March 5, 2020 Min. Entry.  The instant case has been inactive for approximately three years pending execution of a bench warrant issued on September 22, 2020 for Mr. Hensley's alleged violations of pretrial release conditions including a failure to continue to reside with the third-party custodian and a loss of contact with the supervising pretrial services officer.  *See* Pretrial Services Report, ECF No. 17.  Mr. Hensley returned to this Court in August 2023 upon arrest.  *See* Aug. 17, 2023 Min. Entry.

reached divergent results.  Further, assuming that some § 401(3) violations can be classified as misdemeanors, the applicable rules and law do not appear to authorize federal magistrate judges to make the classification decision absent a referral from a district judge.  Both legal issues must be resolved before the undersigned Magistrate Judge can rule on the United States' request to classify the charged offense as a misdemeanor, and the undersigned can only grant the parties' request that she preside over the case if the charged offense is, indeed, a misdemeanor.  Accordingly, the undersigned issues this Report and Recommendation to propose that the Court: (1) determine that the § 401(3) contempt charge against Mr. Hensley can be classified as a misdemeanor if the Court grants the United States' request to cap the sentence at below one year; and (2) refer the matter to the undersigned Magistrate Judge to resolve the United States' request to cap the sentence at a misdemeanor level and to conduct a plea hearing.

## BACKGROUND

On February 13, 2020, the United States filed a complaint alleging that Defendant, Michael Costello Hensley ("Mr. Hensley"), disobeyed this Court's Order in violation of 18 U.S.C. § 401(3), Contempt of Court.  *See* Compl., ECF No. 1.  An Information was filed on February 16, 2020.  *See* Information.  Specifically, the United States alleged that Mr. Hensley violated his Court-ordered conditions of release in case number 18-cr-00270 (RMM)[2] from December 9, 2019 to February 10, 2020, by failing: 1) to reside at the address pretrial services

---

[2] The Government alleged Mr. Hensley unlawfully entered and attempted to remain on the White House complex and grounds when directed to stop by police officers and secret service, in violation of 18 U.S.C. § 1752(a)(1), Entering or Remaining in Restricted Building or Grounds, and 22 D.C. Code § 3302(b), Unlawful Entry (Public Property) for unlawfully entering onto White House grounds.  *See United States v. Hensley*, No. 1:18-cr-00270-RMM, Information, ECF No. 1; Mem. Supp. Detention, ECF No. 5.  On March 5, 2020, the Court dismissed the charges as a violation of the Sixth Amendment Due Process Clause and under Federal Rule of Criminal Procedure 48(b).  *See United States v. Hensley*, No. 1:18-cr-00270-RMM, March 5, 2020 Min. Entry.

verified in Asheville, North Carolina; 2) to alert the Court or pretrial services to any change or residence or telephone number; 3) to appear in Court as required; 4) to submit to supervision, including failing to call pretrial services once a week.  *See* Complaint Statement of Facts, ECF No. 1-1 at 1; Information.

Mr. Hensley was already in custody when the Complaint was filed, because he had been arrested on February 10, 2020 pursuant to a bench warrant issued in case number 18-cr-00270 (RMM) after he twice failed to appear for scheduled hearings, and the Court ordered him held pending a February 13, 2020 status conference in that matter.  *See United States v. Hensley*, No. 1:18-cr-00270-RMM, Feb. 2, 2020 Min. Entry.  Mr. Hensley first appeared before the undersigned in this matter on February 13, 2020.  *See* Feb. 13, 2020 Min. Entry.  The United States requested that Mr. Hensley be detained pending trial on the grounds that he presented a serious risk of flight, pursuant to 18 U.S.C. § 3142(f)(2)(A).  The undersigned continued the detention hearing begun on February 13, 2020 multiple times to facilitate a proposal that Mr. Hensley's family travel to D.C. to transport him to North Carolina.  *See* Feb. 13, 2020 Min. Entry; Feb. 20, 2020 Min. Entry; Feb. 28, 2020 Min. Entry; March 5, 2020 Min. Entry; March 9, 2020 Min. Entry.

At the March 5, 2020 detention and status hearing, the parties advised the Court that they were negotiating a plea agreement and anticipated reaching an agreement soon.  The United States indicated that it intended to pursue the contempt charge as a misdemeanor and wished to schedule the plea and sentencing hearings before the undersigned Magistrate Judge.  The United States did not specify whether it wished to pursue the charge as a Class A, B, or C misdemeanor. Mr. Hensley, through counsel, indicated that if the charge was a Class A misdemeanor, he would likely consent to Magistrate Judge jurisdiction.  The parties declined to submit briefs regarding

the proper classification of the contempt charge and asked the Court to resolve the issue based on the Court's independent review of the law. Mr. Hensley consented to be held in custody until March 13, 2020, and the undersigned continued the detention and status hearing to that date.

At the March 13, 2020 detention hearing, the undersigned concluded that Mr. Hensley should be released pending trial, and set release conditions pursuant to which Mr. Hensley was to reside with his mother, who served as a third-party custodian. *See* March 13, 2020 Min. Entry. The Court scheduled a status hearing for April 15, 2020 and permitted Mr. Hensley to appear by telephone. *See id.* Thereafter, in light of the COVID-19 pandemic, the undersigned continued the status hearing and asked the parties to propose a new date. *See* April 10, 2020 Min. Entry. The parties subsequently submitted status reports discussing possible options for conducting a remote hearing in light of the challenges posed by the COVID-19 pandemic, Mr. Hensley's lack of financial resources, and the stay-at-home orders that existed in Maryland, Virginia, and North Carolina. *See* Joint Status Report, ECF Nos. 9, 11, 14, 16.

The Pretrial Services Agency filed a Pretrial Report on September 18, 2020, in which it advised the Court that Mr. Hensley's third-party custodian had contacted the Pretrial Services Officer to report that he had left their residence on September 3, 2020 and failed to return. *See* Pretrial Services Report, ECF No. 17. Citing Mr. Hensley's "loss of contact from supervision and his total disregard for his court-ordered condition of release," the Pretrial Services Agency requested that Mr. Hensley be removed from pretrial supervision. *Id.* at 2. The Court issued a bench warrant for Mr. Hensley's arrest on September 22, 2020.

Nearly three years passed before Mr. Hensley was arrested on the Court's bench warrant. He appeared before the Court on August 17, 2023, and a hearing regarding the pretrial violation was scheduled for August 22, 2023 and continued to September 7, 2023. *See* Aug. 17, 2023

Min. Entry.  The parties have advised the undersigned that their position regarding future proceedings remains unchanged despite the passage of time—they have engaged in plea negotiations and propose that the undersigned magistrate judge cap the maximum sentence at a level that makes it a misdemeanor, hold a plea hearing, and sentence Mr. Hensley.

## LEGAL STANDARD

### A.  Statutory Provisions Governing Classification of § 401 Offenses

Under 18 U.S.C. § 3559(a), an offense that is not specifically classified as either a felony or misdemeanor shall be classified according to "the maximum term of imprisonment authorized."  Felonies carry a maximum sentence exceeding one year.  18 U.S.C. § 3559 (a)(1)-(5).  Class A misdemeanors carry a maximum sentence of up to one year, and Class B and C misdemeanors carry a maximum sentence of 6 months or 30 days, respectively.  *Id.* § 3559(a)(6)-(8).

8 U.S.C. § 401 permits a court to impose a sentence of imprisonment or a fine, or both, "in its discretion."  The D.C. Circuit has not directly addressed whether the discretionary nature of the sentence for § 401 contempt offenses—which theoretically permits a sentence of up to life imprisonment—makes the offense a felony.  It has suggested, however, that some § 401 contempt charges are petty offenses, *i.e.*, class B or C misdemeanors.  *See United States v. Taylor*, 139 F.3d 924 (D.C. Cir. 1998).

### B.  Magistrate Judge Authority

Federal magistrate judges have the authority to conduct trials and sentence individuals in criminal misdemeanor proceedings.  *See* 18 U.S.C. § 3401; 28 U.S.C. § 636.  Defendants charged with a Class A misdemeanor have the right to be tried and sentenced by a federal district judge but may consent to proceed before a federal magistrate judge.  *See* 18 U.S.C. § 3401.  No

consent is required for trial and sentencing to occur before a magistrate judge in a Class B or C misdemeanor. *See id.*; 28 U.S.C. § 636(a).

The Federal Magistrates Act gives federal magistrate judges more limited authority in felony cases. District judges may designate magistrate judges to resolve pretrial matters except motions to suppress evidence or a defendant's motion to dismiss or quash an indictment or information. *See* 28 U.S.C. § 636(b)(1)(A). District judges may also designate magistrate judges to submit proposed findings of fact and a recommendation for the disposition of motions to suppress or a defendant's motion to dismiss or quash an indictment or information. *See id.* § 636(b)(1)(B).

This Court's Local Rules provide further guidance on the types of matters that magistrate judges may resolve in criminal cases. In misdemeanors, magistrate judges may "conduct trials, accept pleas, impose sentence, and otherwise exercise jurisdiction." Local Crim. R. 58. In felony cases, magistrate judges may hear and determine nondispositive pretrial motions or matters, subject to certain exceptions, "[a]t the request of the district judge to whom the case is assigned." Local Crim. R. 59.1(a), 59.2(a).

## DISCUSSION

**I.  COURTS HAVE TREATED § 401 CONTEMPT CHARGES AS BOTH FELONIES AND MISDEMEANORS AND THERE IS NO CONCLUSIVE D.C. CIRCUIT PRECEDENT RESOLVING THE PROPER CLASSIFICATION OF SUCH CHARGES.**

There is no consensus among the circuits that have examined whether a violation of 18 U.S.C. § 401(3) should be classified as a felony or a misdemeanor. Of the three circuit courts that have addressed the proper classification of such offenses for sentencing purposes, one has concluded that § 401(3) contempt charges are categorically Class A felonies, one has concluded that § 401(3) contempt charges must be classified as felonies or misdemeanors based on the most

analogous offense, and one has concluded that § 401(3) contempt charges are *sui generis* and cannot be classified. In a separate line of cases addressing whether individuals charged with contempt under § 401 have a right to a jury trial or Speedy Trial Act rights, courts have acknowledged that § 401 charges may be Class B or C misdemeanors if the information or the Court limits the maximum sentence to a period below six months. The D.C. Circuit has not directly addressed the issue in the context of sentencing or magistrate judge authority to try such cases. However, when examining whether individuals charged under § 401 have a Sixth Amendment right to a jury trial, the D.C. Circuit has treated § 401(3) charges as having the potential to be either serious offenses or misdemeanor petty offenses. As explained below, the undersigned concludes that D.C. Circuit precedent permits judges to classify a § 401(3) contempt charge as a misdemeanor by capping the maximum sentence at or below one year.

### A. Circuit Split Regarding the Proper Classification of Contempt Charges for Sentencing

#### 1. *Treating Contempt as a Class A Felony*

The First Circuit considers criminal contempt charged under § 401 to categorically be a Class A Felony. *United States v. Wright*, 812 F.3d 27 (1st Cir. 2016). Given that § 401 itself sets no maximum term of imprisonment, the maximum penalty is life imprisonment. *Id*. at 32 (citing *United States v. Ashqar*, 582 F.3d 819, 825 (7th Cir. 2009)[3] & *Frank v. United States*, 395 U.S. 147, 149 (1969)). Thus, the First Circuit has reasoned that a plain reading of the applicable statutes requires the conclusion that criminal contempt charged under § 401 is categorically a Class A felony because the maximum penalty is life imprisonment. *See id*.; 18 U.S.C. § 3559(a). Although that may open the door to potentially untoward and harsh sentences, the First Circuit

---

[3] The Seventh Circuit in *Ashqar* did not address the classification of criminal contempt, but did note that the maximum sentence is life imprisonment.

recognizes that the appropriate check is in the "actual choice of the sentence"—not in a statutory limitation on the court's discretion. *Wright*, 812 F.3d at 34. Similarly, the First Circuit carefully distinguishes the court's discretion in imposing a sentence from Congress's authority to classify offenses. *See id.* at 34 & n.5 (although the sentence imposed may raise Eighth Amendment proportionality concerns, "mere classification" does not).

Although courts in this Circuit have not addressed the issue, others have. Judge Reggie B. Walton, in a case heard in the Western District of Pennsylvania, adopted *Wright*'s holding, and found that criminal contempt is a Class A felony under a plain reading of § 401. *United States v. Battle,* No. 17-cr-67, 2017 WL 2983891, at *8 (W.D. Pa. July 12, 2017). At least two other District Judges in other jurisdictions have reached the same conclusion as the First Circuit. *See U.S. v. Ware,* No. 04-cr-1224-01, 2009 WL 222377 (S.D.N.Y. Jan. 27, 2009) (rejecting the Ninth Circuit's approach, and holding that criminal contempt is categorically a Class A Felony under a plain reading of the statute); *U.S. v. Mallory,* 525 F. Supp. 2d 1316, 1320 (S.D. Fla. 2007) ("[A]ccording to the plain language of § 3559, an offense in violation of § 401 is properly classified as a Class A felony."), *rev'd sub nom.*, *United States v. Cohn,* 586 F.3d 844 (11th Cir. 2009). The Fourth Circuit has acknowledged that criminal contempt may be a Class A felony, but declined to expressly address the issue. *See United States v. Myers,* 302 Fed. App'x 201, 206 (4th Cir. 2008) (no reversible error in finding that a contempt conviction was a Class A felony where defendant was ultimately sentenced to less than six months imprisonment).

  2. ***Looking to Analogous Offenses***

The Ninth Circuit classifies criminal contempt based upon "the most nearly analogous offense." *United States v. Carpenter,* 91 F.3d 1282, 1285 (9th Cir. 1996); *see also United States*

*v. Broussard,* 611 F.3d 1069 (9th Cir. 2010).[4]  Because § 401 sets no maximum sentence itself, Ninth Circuit courts look to the "upper limit of the judge's discretion." *Broussard,* 611 F.3d at 1072.  That upper limit is, in turn, determined by the statutory maximum set by the most analogous offense.  *Id.*

The Ninth Circuit has declined to take a categorical approach that would classify all contempt charges as either felonies or misdemeanors.  The Court reasoned that reading § 401 to treat all contempt charges as felonies would be inappropriate because "it would be unreasonable to conclude that . . . Congress meant to brand all contempts as serious and all contemnors as felons."  *Id.* (quoting *Carpenter*, 91 F.3d at 1284).  Rather, the broad scope of criminal contempt cautions against any categorical classifications.  *Carpenter*, 91 F.3d at 1284 (citing *Frank v. United States,* 395 U.S. 147, 149 (1969)).  Under the Ninth Circuit's approach, once the maximum sentence is determined on a case-by-case basis, § 3559(a) determines how the § 401 offense is classified.  Thus, different § 401 offenses may be classified differently in different cases.  *Compare Carpenter,* 91 F.3d at 1285 (§ 401 offense is a Class A misdemeanor, where offense best analogized to obstruction of justice), *with Broussard*, 611 F.3d at 1073 (§ 401 offense is a Class D or E felony, where offense best analogized to escape).  The Sixth Circuit has also indicated that the classification of § 401 may vary depending on the facts, such as a stipulation in a plea agreement.  *See United States v. Zakharia,* 418 Fed. App'x 414, 419–20 (6th

---

[4] In *Carpenter,* the Ninth Circuit looked to the maximum sentencing for the analogous offense set by the Sentencing Guidelines.  After the Ninth Circuit decided *Carpenter,* the Supreme Court held that the sentencing guidelines are themselves advisory and do not set an upper limit on the sentencing judge's discretion.  *See United States v. Booker,* 543 U.S. 220 (2005).  Since *Booker,* courts in the Ninth Circuit now look to the "statutory maximum" for "the most analogous underlying offense."  *U.S. v. Broussard,* 611 F.3d 1069 (9th Cir. 2010).

Cir. 2011) (criminal contempt should be considered a Class A misdemeanor based on plea agreement, even though § 401 carries no maximum penalty).

### 3. *The Sui Generis Approach*

The Eleventh Circuit considers criminal contempt to be "an offense *sui generis* that cannot be classified [as either a felony or misdemeanor]." *U.S. v. Cohn*, 586 F.3d 844, 849 (11th Cir. 2009). That court deems criminal contempt unique in nature, as evidenced by procedural mechanisms allowing the prosecution of criminal contempt without an indictment, for example. *Id.* (citing *Cheff v. Schnackenberg*, 384 U.S. 373, 380 (1966)). The Eleventh Circuit has found this middle-of-the-road approach appropriate because "[u]niform classification of criminal contempt would be inconsistent with the breadth of §401 and appropriate sentences for its violation. On the other hand, it would be an impracticable, painstaking task individually to classify each instance of criminal contempt." *Id.* at 848*; see also U.S. v. Love*, 449 F.3d 1154, 1158 (11th Cir. 2006) (Barkett, J., specially concurring) (plain reading inappropriate because Class A Felony punishment for criminal contempt raises 8th Amendment proportionality concerns or otherwise "patently absurd" results).

### 4. *Basing the Classification on the Sentence Imposed*

Some courts have also assessed the classification of contempt by reviewing the sentence actually imposed. *See, e.g.*, *United States v. Juror Number One*, 866 F. Supp. 2d 442, 449–51 (E.D. Pa. 2011) (concluding § 401 contempt charge was a Class B or C misdemeanor because the defendant was found guilty without a jury trial and the Sixth Amendment requires a jury trial for criminal offenses punishable by more than six months). Those cases, by definition, occur after sentencing, and therefore are less relevant to the question presented here than the three lines of circuit precedent discussed above.

### B. Precedent Regarding Classification of Contempt Charges for Ascertaining a Defendant's Right to a Jury Trial

In a separate line of cases, courts have examined whether criminal contempt charges should be deemed petty offenses (*i.e.*, Class B or C misdemeanors) for purposes of determining whether a defendant charged with contempt has a constitutional right to a jury trial. The Sixth Amendment gives criminal defendants a right to a jury trial provided that they are not charged with a petty offense. *See Blanton v. North Las Vegas*, 489 U.S. 538, 541 (1989); *see also United States v. Nachtigal*, 507 U.S. 1, 4 (1993). Consequently, to determine whether a defendant charged with contempt has a right to a jury trial, courts have evaluated the proper classification of contempt charges as either petty or more serious offenses. Those cases have focused on the length of the sentence imposed.

In *Bloom v. Illinois*, the Supreme Court assessed whether individuals charged with criminal contempt in state courts have a constitutional right to a jury trial. 391 U.S. 194, 195–98 (1968). The Court declined to follow prior cases holding that all contempt charges can be tried without a jury, and reasoned that "serious contempt" should be treated like "other serious crimes," to which a defendant has a right to a jury trial. *Id.* at 200–02, 207–08. The Court noted that contempt charges, like other crimes, are governed by the rule that no jury trial right applies to petty offenses, and thereby distinguished between "petty" contempt and "serious" contempt, only the latter of which triggers the constitutional right to a jury trial. *Id.* at 210–11. The Court declined to define "the exact line between petty offenses and serious crimes" but cited precedent noting that a crime punishable by two years in prison qualifies as a serious crime. *Id.* at 211. The Court emphasized that "criminal contempt is not a crime of the sort that requires the right to jury trial regardless of the penalty involved. . . [W]hen the legislature has not expressed a judgment as to the seriousness of an offense by fixing a maximum penalty which may be

11

imposed we are to look to the penalty actually imposed as the best evidence of the seriousness of the offense." *Id.*

The Supreme Court clarified its rule in *Taylor v. Hayes*, when it rejected a defendant's claim that he had a right to a jury trial in connection with eight counts of contempt. 418 U.S. 488 (1974). The Court acknowledged that "contempt of court is a petty offense when the penalty actually imposed does not exceed six months or a longer penalty has not been expressly authorized by statute." *Id.* at 495. Further, the Court interpreted its prior precedent to mean that "in the absence of legislative authorizations for serious contempt, a State may choose to try any contempt without a jury if it determines not to impose a sentence longer than six months." *Id.* at 496. Alternatively, a state could cure the failure to hold a jury trial in a contempt case by reducing the sentence imposed. *See id.* Overall, the Court reiterated its holding in *Bloom* that the right to a jury trial does not extend to all contempt cases. *See id.*

Focusing on the length of the sentence imposed poses challenges for cases in which courts must assess the seriousness of the contempt charge before trial. To that end, some courts have suggested that the Court may pre-select a maximum penalty and evaluate the defendant's trial rights consistent with that penalty. The D.C. Circuit appears to have endorsed this practice, albeit in *dicta*, in *United States v. Taylor*. When describing the procedural history of the case, the Court noted that "[t]o avoid a jury trial, the government asked the district court, and it agreed, to limit any sentence to no more than six months imprisonment or a fine of no more than $5,000, effectively charging Taylor with a petty offense misdemeanor of criminal contempt." *Taylor*, 139 F.3d at 926–27. Similarly, the Second Circuit has suggested that a court may pre-select a maximum penalty of six months to authorize trying a contempt charge without a jury. *See United States v. Twentieth Century Fox Film Corp.*, 882 F.2d 656, 664 (2d Cir. 1989); *see also*

*United States v. Donzinger*, No. 19-cr-561, 2020 WL 2216556, *4 (S.D.N.Y. May 7, 2020) (noting that "contempt defendants charged under 18 U.S.C. § 401 are not entitled to a jury trial when the possible punishment does not exceed six-months incarceration or a $5,000 fine").

### C. Precedent Evaluating Classification of Contempt for Speedy Trial Act Rights

Finally, there is a line of cases that examines the question of whether § 401 contempt charges should be deemed petty offenses (*i.e.*, Class B or C misdemeanors) for purposes of determining whether a defendant charged with contempt has speedy trial rights under the Speedy Trial Act. The issue arises in the Speedy Trial Act context because that statute does not apply to petty offenses. *See* 18 U.S.C. §§ 3161(a), 3172(2). The cases most relevant to this Report and Recommendation are from the Seventh, Sixth, and Ninth Circuits.

When evaluating the statutory speedy trial rights of a defendant facing § 401 contempt charges, the Seventh Circuit looks to the maximum sentence that the Court would impose in a particular case — as opposed to the statutory maximum for § 401 charges (life imprisonment) — to determine whether the charge was a petty offense. Specifically, the Seventh Circuit has concluded that the Speedy Trial Act does not apply "[i]f the document initiating the contempt prosecution caps the sentence at six months or less." *United States v. Trudeau,* 812 F.3d 578, 585–86 (7th Cir. 2016) ("If the document initiating the contempt prosecution caps the sentence at six months or less, then it's not necessary to wait until sentencing to know whether the Speedy Trial Act will apply—it won't."). In unpublished rulings, the Sixth and Ninth Circuits have endorsed similar approaches to reclassifying criminal contempt as a Class B misdemeanor to avoid Speedy Trial Act requirements. *See United States v. Moncier,* 492 Fed. App'x 507, 510 (6th Cir. 2012) (Speedy Trial Act did not apply where the district judge stated on the record that the defendant faced a sentence of no more than six months incarceration); *United States v.*

*Richmond,* 312 Fed. App'x 56, 57 (9th Cir. 2009) (Speedy Trial Act did not apply where arrest order specifically limited the maximum penalty to six months imprisonment). Neither the D.C. Circuit nor district judges in this Circuit appear to have addressed the issue.

> II.   **THE FEDERAL MAGISTRATES ACT DOES NOT ADDRESS THE PROPER CLASIFICATION OF CONTEMPT CHARGES BROUGHT UNDER § 401.**

The Federal Magistrates Act provisions regarding magistrate judge's sentencing authority provide no guidance regarding the proper classification of § 401 contempt charges. The Act makes clear that, in a misdemeanor case brought under § 3401, a magistrate judge is limited to the penalties of a Class C misdemeanor. *See* 28 U.S.C. § 636(e)(5) (limiting available punishments to those of a Class C misdemeanor). The Act does not address, however, whether a § 401 charge may be presented to a magistrate judge under § 3401. Rather, in limiting a magistrate judge to Class C misdemeanor punishments, the Act presupposes that the magistrate judge is presiding over a misdemeanor case.

The Federal Magistrates Act also empowers magistrate judges to hold defendants in criminal and civil contempt in certain misdemeanor or civil proceedings. *See* 28 U.S.C. § 636(e). However, those provisions concern contempt proceedings or findings originated by the Court (*i.e.*, a magistrate judge). That is not relevant to the situation presented here, which concerns contempt charges initiated by federal prosecutors and charged by criminal complaint or information. Thus the Federal Magistrates Act does not inform the undersigned's assessment of how to classify the contempt charges pending against Mr. Hensley.

### III. THE JURY TRIAL AND SPEEDY TRIAL ACT CASES ARE PERSUASIVE AND INDICATE THAT THE COURT CAN CONVERT A § 401 CONTEMPT CHARGE INTO A CLASS A MISDEMEANOR OR PETTY OFFENSE BY CAPPING THE MAXIMUM SENTENCE PRIOR TO TRIAL.

The undersigned finds persuasive the cases recognizing that a § 401 contempt charge can be converted into a petty offense by capping the maximum sentence that will be imposed. Those cases are most closely aligned with the D.C. Circuit's implicit recognition, in *United States v. Taylor*, that an initial determination that the maximum sentence will not exceed six months may convert into a petty offense a contempt charge that would otherwise be a felony. Accordingly, the undersigned concludes that a § 401 contempt charge can proceed to trial or sentencing before a federal magistrate judge without the parties' consent if the maximum sentence is capped at six months, or with the parties' consent if the maximum sentence is capped at one year. In the absence of such a cap, however, the charge is a felony because the plain text of §401(3) sets no upper limit on the maximum sentence and instead gives judges complete discretion over sentencing.

### IV. NEITHER THE FEDERAL MAGISTRATES ACT NOR LOCAL RULES AUTHORIZE MAGISTRATE JUDGES TO CAP THE SENTENCE OF A § 401(3) CHARGE WITHOUT A REFERRAL FROM A DISTRICT JUDGE.

Assuming that a Court order capping the potential sentence at six months would render the § 401(3) charge a petty offense, the undersigned Magistrate Judge currently lacks the authority to issue such an order. As noted above, the maximum possible penalty determines the proper classification of a § 401(3) contempt charge, and the charge is thus a felony unless and until the Court issues an order reducing the potential sentence below the statutory maximum (which theoretically could be a life sentence). In felony cases, magistrate judges may hear and determine certain nondispositive pretrial motions or matters "[a]t the request of the district judge

to whom the case is assigned." Local Crim. R. 59.1(a), 59.2(a). That rule comports with the Federal Magistrates Act, which authorizes magistrate judges to resolve pretrial motions, subject to a list of exceptions, if "designate[d]" to do so by a district judge. 28 U.S.C. § 636(b)(1); *see generally United States v. Beier,* No. 19-mj-100, 2019 WL 5789747, *4–*5 (D.D.C. Nov. 6, 2019) (discussing scope of magistrate judge authority and matters requiring a designation or referral by a district judge). Thus, as explained below, the undersigned's ability to resolve the United States' request to classify Mr. Hensley's charges as a misdemeanor turns on whether that is a nondispositive motion and whether there has been a referral.

Although a motion limiting the maximum sentence that can be imposed has significant implications on the outcome of a criminal matter, resolving such a motion at the parties' request appears to fall within magistrate judges' authority under the Federal Magistrates Act. The statute lists specific types of motions that magistrate judges cannot resolve, and the categories pertinent to criminal cases are motions to suppress and defendant's motions to dismiss an information or indictment. *See* 28 U.S.C. § 636(b)(1)(A). The statute does not address motions to limit the available sentence, which is unsurprising as such motions are rare.

To be sure, magistrate judges cannot impose sentences in felony cases, and the United States' request, if granted, would affect the potential sentence that could be imposed. *See* 28 U.S.C. § 636(a)(4), (5) (allowing magistrate judges to sentence defendants in misdemeanor cases). However, defining the maximum sentence that theoretically could be imposed differs from imposing a sentence. Given the absence of precedent suggesting otherwise, the undersigned concludes that the statutory confines on magistrate judges' sentencing authority do not prohibit magistrate judges from granting the United States' request to cap the maximum available sentence.

The Local Criminal Rules also do not appear to prohibit magistrate judges from resolving motions to cap the maximum sentence.  Under those rules, magistrate judges may only resolve "nondispositive pretrial motion[s]" in felony maters.  Local Crim. R. 59.1(a).  A dispositive motion is generally understood to be one that resolves all outstanding issues in a case.  Classifying the charged offense as a misdemeanor would not have that effect, and thus seems nondispositive.

Even assuming that the pending request to classify the charges as a misdemeanor offense is a nondispositive pretrial motion, the lack of a referral or designation to resolve that request deprives the undersigned magistrate judge of authority of rule on the request.  The Local Rule setting forth the general powers and duties of magistrate judges authorizes a variety of specifically enumerated actions and indicates that magistrate judges may conduct other proceedings and resolve other matters at the assigned district judge's request.  Local Crim. R. 57.17(a), (b).  No such request has been made in this case, given that no district judge had been assigned prior to Mr. Hensley's loss of contact with Pretrial Services.

In light of the foregoing rules and law, the undersigned lacks the authority to grant the government's unopposed request to cap Mr. Hensley's potential sentence and maximum fine at a misdemeanor level.  For that reason, the undersigned has prepared this report and recommendation, to propose that the District Judge assigned to this case refer the case to the undersigned for resolution of the United States' request to cap the maximum penalty at a period of incarceration and/or monetary fine that would make the charges a misdemeanor offense and for the undersigned to conduct a plea hearing.  Whether the undersigned also conducts a sentencing depends on whether the charge is capped at the level of a petty offense or a class A

misdemeanor and, if the latter, whether Mr. Hensley consents to the jurisdiction of a magistrate judge.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the District Judge: (1) conclude that the Court has the authority to cap the maximum sentence for Mr. Hensley's contempt charges at a level that would convert it from a felony to a misdemeanor offense; (2) refer the United States' oral motion to cap Mr. Hensley's sentence at a misdemeanor level to the undersigned Magistrate Judge; and (3) refer the proposed plea hearing to the undersigned.

## REVIEW BY THE DISTRICT COURT

The parties are advised that under the provisions of Local Criminal Rule 59.2(b), any party who objects to a Report and Recommendation must file a written objection with the Clerk of Court within 14 days of the party's receipt of the Report and Recommendation.  The written objections must specifically identify the portion of the report or recommendation to which objection is made and the basis for such objections.  Failure to file timely objections to the findings and recommendations set forth in this report may waive that party's right of appeal from an order of the District Court that adopts such findings and recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985).

Date: October 17, 2023

_____
ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE