

U.S. Department of Justice

Timothy J. Shea
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

March 11, 2020

By Email

William L. Welch, III
5305 Village Center Drive, Suite 142
Columbia, MD 21044
wlw@wwelchattorney.com

        Re:    *United States v. Michael Costello Hensley*, Case No. 1:20-mj-00027 (RMM), and D.C. Superior Court Case No. 2018CMD013067

Dear Mr. Welch:

    This letter sets forth the full and complete plea offer to your client, **Michael Costello Hensley** (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on **March 20, 2020**.[1] If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement"). The terms of the offer are as follows:

    1.    **Charges and Statutory Penalties**

    Your client agrees to plead guilty to the Information filed on February 26, 2020, in Case No. 1:20-mj-00027, which charges your client with knowingly violating a valid court order issued in your client's prior federal case, Case No. 1:18-cr-00270, by failing to comply with multiple conditions of his release as set forth in the Order Setting Conditions of Release that was filed on December 6, 2019 (ECF No. 31) in that case.

    Your client understands that a violation of 18 U.S.C. § 401(3) may result in an unspecified fine, an unspecified term of imprisonment, or both, based on the Court's discretion,

---

[1] This plea offer was previously communicated to the defendant's attorneys in his Federal case verbally on March 5, 2020, and March 9, 2020.

as well as an obligation to pay any applicable interest or penalties on fines and restitution not timely made. Your client also understands and acknowledges that the Government has asked the Court to classify this contempt charge as a misdemeanor, which carries a maximum sentence of one year imprisonment, a fine of $100,000, pursuant to 18 U.S.C. § 3571(b)(5); a term of supervised release of not more than one year, pursuant to 18 U.S.C. § 3583(b)(3); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

In addition, your client agrees to pay a special assessment of $25 per misdemeanor conviction to the Clerk of the United States District Court for the District of Columbia.

Your client also understands that, pursuant to 18 U.S.C. § 3572, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

2.  **Factual Stipulations**

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

3.  **Additional Charges**

In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. Following sentencing in Federal Court, the Government will request that all charges in your above-referenced D.C. Superior Court case be dismissed. Your client agrees and acknowledges that the charges to be dismissed once sentencing has occurred were based in fact.

After the entry of your client's plea of guilty to the offense identified in Part 1 above, your client will not be charged with any non-violent criminal offense in violation of Federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this Agreement and about which this Office was made aware by your client prior to the execution of this Agreement. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this Agreement.

4.  **Sentencing Guidelines Analysis**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a). Although the United States Sentencing Commission, *Guidelines Manual* (2018) does apply to the offense identified in paragraph 1 above, the Commission has not provided a specific guideline for the offense. *See* U.S.S.G. § 2J1.1 (Contempt). Instead, it directs that U.S.S.G. § 2X5.1 be applied. U.S.S.G. § 2X5.1, however applies to "other felony offenses," and here the Government has asked the Court to treat

the contempt charge as a misdemeanor. If the Government's request is granted, the offense would not be a felony one, thus rendering U.S.S.G. § 2X5.1 inapplicable.

### 5. Agreement as to Sentencing Allocution

The parties further agree that a sentence up to, and including, one year of imprisonment would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below. Nevertheless, your client reserves the right to seek a sentence below the one year ceiling based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

In addition, the defendant agrees not to oppose the following additional conditions during any period of probation or supervised release:

a. your client will avoid all communication with any facilities, sites, or persons under the permanent or temporary protection of the U.S. Secret Service;

b. your client will stay away from the White House and its surrounding area, as delineated on the attached map; and

c. your client will participate in and receive mental health treatment; comply with any terms of treatment established by the Court or medical and/or mental health professionals, including, but not limited to, any medication regimen established by medical and/or mental health professionals.

### 6. Reservation of Allocution

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charge to which your client is pleading guilty. The parties also reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. In the event that the Court considers any adjustments, departures, or calculations different from those agreed to and/or estimated in this Agreement, the parties reserve the right to answer any related inquiries from the Court and to allocute for a sentence within the Court-identified range.

In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.

7. **Court Not Bound by this Agreement**

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a). Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that the Government's recommendation is not binding on the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty if the Court does not follow the Government's sentencing recommendation. The Government and your client will be bound by this Agreement, regardless of the sentence imposed by the Court. Any effort by your client to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

8. **Conditions of Release**

Your client acknowledges that, although the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release, including requesting that your client be detained pending sentencing, if your client engages in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or pose a danger to any person or the community. Your client also agrees that any violation of your client's release conditions or any misconduct by your client may result in the Government filing an *ex parte* motion with the Court requesting that a bench warrant be issued for your client's arrest and that your client be detained without bond while pending sentencing in your client's case.

9. **Waivers**

   A. **Venue**

Your client waives any challenge to venue in the District of Columbia.

   B. **Statute of Limitations**

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute

of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

### C. Trial Rights

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

### D. Appeal Rights

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s). Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case,

including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

### E. Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2), but agrees to waive the right to appeal the denial of such a motion.

### 10. Use of Self-Incriminating Information

The Government and your client agree that the Government will be free to use against your client for any purpose at the sentencing in this case or in any related criminal or civil proceedings, any self-incriminating information provided by your client pursuant to this Agreement or during the course of debriefings conducted in anticipation of this Agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

### 11. Breach of Agreement

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your

client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

## 12. Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

----- *The remainder of the page intentionally left blank.* -----

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than **March 20, 2020**.

Sincerely yours,

*/signed/*
**Timothy J. Shea**
United States Attorney

By: */signed/*
**Reagan N. Clyne**
Special Assistant United States Attorney

/s/
**Brianna Gardner**
Special Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorney, **William L. Welch, III**. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: Mar. 13, 2020

**Michael Costello Hensley**
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, **Michael Costello Hensley**, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: Mar. 13, 2020

**William L. Welch, III**
Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                  :
v.                                :
                                  :   Case No. 1:20-mj-00027 (RMM)
MICHAEL COSTELLO HENSLEY,         :
                                  :
Defendant.                        :

## STATEMENT OF OFFENSE

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Michael Costello Hensley ("Hensley") agrees and stipulates as follows:

On September 4, 2018, the Government filed a two-count Information in Case No. 18-cr-00270 charging Hensley with: (1) entering or remaining in a restricted area or grounds, in violation of 18 U.S.C. § 1752(a)(1); and (2) entering restricted public property, in violation of 22 D.C. Code § 3302(b).

On December 6, 2019, a status hearing was held before Judge Robin M. Meriweather. Judge Meriweather granted Hensley's oral motion for release from custody on bond, and Hensley was released pursuant to certain conditions. Those conditions, set forth in an Order Setting Conditions of Release, filed on December 6, 2019 (ECF No. 31) ("Release Order"), included the following conditions, among others:

(1) the defendant must advise the court or the pretrial services officer or supervising officer in writing before making any change of residence or telephone number;

(2) the defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose. The defendant must next appear

for court in the U.S. District Court for the District of Columbia, located at 333 Constitution Avenue, N.W. in Washington, D.C., for a status hearing before Judge Meriweather on December 18, 2019 at 1:45 PM;

(3) the defendant must submit to supervision by and report for supervision to the Pretrial Services Agency ("PSA") by calling the telephone number (202) 442-1000 once weekly; and

(4) the defendant must live at 58 W Oakview Road, Ash[e]ville, NC 28806.

Release Order at 1-2.

On December 18, 2019, a status hearing was held before Judge Meriweather. Hensley did not appear for this hearing as ordered to in the Release Order. The status hearing was continued to January 8, 2020. Hensley was ordered to appear by telephone at the January 8, 2020 status hearing.

On January 8, 2020, a status hearing was held before Judge Meriweather. Hensley did not appear for this hearing by telephone as ordered on December 18, 2019. According to the PSA Report filed on January 8, 2020 (ECF No. 33), Hensley had stopped contacting PSA after December 9, 2019, and was a loss of contact from PSA supervision since that date. On the Government's motion, Judge Meriweather issued a bench warrant for Hensley's arrest. On or about February 10, 2020, Hensley was arrested on the bench warrant.

In addition to failing to appear in Court as ordered, Hensley also violated the terms of the Release Order by failing to check-in telephonically with PSA weekly after December 9, 2020, and, failing to ever have returned to 58 W Oakview Road in Ash[e]ville, North Carolina to reside there.

Based on all of these failures, the Defendant was charged in the above-captioned case by

Information with Contempt of Court for Violation of Release Condition, in violation of 18 U.S.C. § 401(3).

*******************

I have read this Statement of Offense and carefully reviewed every part of it with my attorney, William L. Welch, III. I am fully satisfied with the legal services provided by my attorney in connection with this Statement of Offense and all matters relating to it. I fully understand this Statement of Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this Statement of Offense. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

Date: Mar. 13, 2020        x _____
                                                 **Michael Costello Hensley**
                                                 Defendant

I have read this Statement of Facts and carefully reviewed it with my client and discussed it fully. I concur in my client's agreement with, and acceptance of, this Statement of Facts

Date: Mar. 13, 2020        _____
                                                 **William L. Welch, III**
                                                 Attorney for Defendant

3

Appendix 13